ARDEN–MAYFAIR, INC., Plaintiff,

v.

LOUART CORPORATION, Marshall I. Kass and Henry L. Melczer, et al., Defendants.

Court of Chancery of Delaware, New Castle County.

Submitted Jan. 23, 1978.

Decided March 15, 1978.

Joseph A. Rosenthal, of Morris & Rosenthal, Wilmington, for plaintiff.

Bruce M. Stargatt, Jack B. Jacobs, and Richard A. Levine, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendants Louart Corp., Marshall I. Kass and Henry L. Melczer.

BROWN, Vice Chancellor.

The defendant Louart Corporation, a California corporation, as well as its president, Marshall I. Kass, and its vice president, Henry L. Melczer, (hereafter "the Louart defendants") have moved to dismiss the complaint against them on the grounds of lack of jurisdiction over the person and for insufficiency of service of process. The plaintiff, Arden-Mayfair, Inc., (hereafter "Arden-Mayfair") is a Delaware corporation which maintains its principal business activities in California.

At the root of the controversy are California statutes, effective January 1, 1977, which require in their effect that as to any foreign corporation doing more than 50 per

cent of its business and having more than 50 per cent of its stockholders in the State of California, the election of its board of directors must be based upon cumulative voting among its shareholders and, in addition, the terms of the directors may not be on a staggered or classified basis. West's Ann.Corp.Code §§ 2103, 2115. The Delaware charter and bylaws of Arden-Mayfair run afoul of this subsequently enacted California law since they contain no provisions for cumulative voting. In addition, the terms of its directors are staggered. It is not disputed at this point that Arden-Mayfair is within the literal coverage of these California statutes.

Louart Corporation is a substantial shareholder of Arden-Mayfair. Its officers, Kass and Melczer, also own Arden-Mayfair stock in their individual capacities. All three are nonresidents of Delaware. By letter of December 30, 1976 Louart Corporation notified Arden-Mayfair of the impending amendment to the California law and took the position that future elections of Arden-Mayfair directors would have to be carried out in accordance with the California law rather than pursuant to the terms of Arden-Mayfair's charter as enacted under Delaware law. In response, Arden-Mayfair filed this declaratory judgment action seeking a judicial determination by this Court that the application of the California law would not apply to the election of its board of directors. Service of process was initiated upon the Louart defendants by certified mail and publication pursuant to the substituted service of process provisions of 10 Del.C. § 365.

The Louart defendants thereafter removed the action to the United States District Court for the District of Delaware and moved to dismiss for basically the same reasons advanced here. In a written opinion of July 19, 1977 the District Court remanded the case to this Court without deciding the issue.

In support of their motion the Louart defendants rely upon the undisputed facts (1) that they are not residents of Delaware, (2) that they carry on no business in Dela-

ware, and (3) that they own no property physically located in Delaware. On the present record it appears that the only physical contact had with Delaware by any of the Louart defendants was on a single occasion when the defendant Kass passed through this State on his way from Washington, D.C. to New York City. Relying on the recent decision of the United States Supreme Court in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), as well as the supporting predecessor decisions of *U. S. Industries, Inc. v. Gregg*, 540 F.2d 142 (3rd Cir. 1976) and *Barber-Greene Co. v. Walco National Corp.*, 428 F.Supp. 567 (D.Del.1977), the Louart defendants take the position that they have no "minimum contacts" with the State of Delaware such as would constitutionally support substituted service of process upon them by certified mail and publication pursuant to 10 *Del.C.* § 365.

This § 365 is the statute which provides the basis for the assertion of *in rem* jurisdiction by the Court of Chancery. Its obvious purpose is to give this Court jurisdiction to decide disputes concerning subject matter under its jurisdiction, *Abercrombie v. Davies*, Del.Ch., 118 A.2d 358 (1955). It is a statutory grant of power to bring nonresidents before this Court by constructive service of process, unattended by seizure, if the suit is one wherein the relief sought relates to the status, title or ownership of property actually located with its jurisdiction. *Perrine v. Pennroad Corporation*, Del.Ch., 168 A. 196 (1933); *Krizanek v. Smith*, Del.Supr., 87 A.2d 871 (1952); *Jacobs v. Tenney*, 316 F.Supp. 151 (D.Del. 1970).

In the absence of the aforesaid decisions of *Shaffer v. Heitner* and *Barber-Greene* it is unlikely that the present motions questioning jurisdiction would have been filed. This is due to the fact that the Delaware General Corporation Law provides that the situs of the stock of a Delaware corporation is to be regarded as in this State for all purposes except taxation. 8 *Del.C.* § 169. Since the suit here does not seek to impose monetary liability on any of

the defendants but rather seeks only to clarify and reinforce the voting rights of Arden-Mayfair shareholders with regard to the election of directors, it is one which seeks a decree as to the status and ownership rights of corporate stock having its situs in Delaware and thus, on the strength of previously existing precedent, service on nonresident stockholders by publication under § 365 would have been sufficient. *Krizanek v. Smith, supra; Perrine v. Pennroad Corporation, supra; Hodson v. Hodson Corp.*, Del.Ch., 80 A.2d 180 (1951).

In *Shaffer v. Heitner*, however, as well as in *U. S. Industries, Inc. v. Gregg, supra*, an attack was made on the constitutionality of service under 10 *Del.C.* § 366, this being the Delaware sequestration statute which permits the attachment of property located in this State for the purpose of compelling its nonresident owner to submit to *in personam* jurisdiction in this Court with regard to issues which may not necessarily deal with the status, title or ownership of the property sequestered. In both of these cases the validity of service of process in this manner was defended on a *quasi in rem* rationale based upon the premise that under 8 *Del.C.* § 169 the situs of the corporate stock there sequestered was in Delaware. In both cases, however, service was held to be constitutionally defective due to a lack of "minimum contacts" with Delaware by the nonresident defendants in violation of the due process requirement announced by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In each case it was conspicuously noted that the statutory situs of the nonresidents' stock under 8 *Del.C.* § 169 constituted their sole and isolated connection with the State of Delaware. And in each case, the purpose of the suit was to impose monetary liability on the nonresident defendants.

To focus at first glance upon the underlying factors which gave rise to these two decisions would seem to provide a ready basis for distinguishing them from a § 365 situation wherein *in personam* jurisdiction was not the ultimate goal. However, two other considerations are significant. First, in *Barber-Greene*, decided some three

months before *Shaffer v. Heitner*, Judge Caleb M. Wright of the Delaware District Court, in an exercise of judicial clairvoyance, and by way of interpretation of *U. S. Industries Inc. v. Gregg*, erased the prospect of drawing such a distinction from that decision, concluding as follows at 428 F.Supp. 570:

"This holding is certainly of relevance to the instant case, and the Court is of the view that it disposes of plaintiff's contention that the holding of *U. S. Industries v. Gregg* does not apply to substituted service under 10 *Del.C.* § 365. The Third Circuit holding that the characterization of the type of jurisdiction is irrelevant in analyzing whether such jurisdiction is constitutionally supportable, compels this Court to perform the exact same analysis under both sections [§ 365 and § 366] to determine whether or not there are adequate minimum contacts to support jurisdiction."

*Barber-Greene* was a suit brought under 8 *Del.C.* § 203, the Delaware tender offer statute, in which the plaintiff, a Delaware corporation, charged the nonresident defendant corporation with a violation of the statue and requested a decree entitling it to refuse to transfer on its books any stock purchased by the defendants. Monetary damages were also sought. Jurisdiction over the nonresident defendants was attempted under both § 365 and § 366. It was resisted under *Gregg* based upon a lack of minimum contacts, a position with which the District Court agreed. While recognizing that there was a more significant connection with Delaware there than there was in *Gregg*, it nonetheless appeared that the sole contact deserving consideration was the local situs of the plaintiff's stock under 8 *Del.C.* § 169. In granting the motion of the defendants to dismiss, the court stated as follows at 428 F.Supp. 572:

". . . a prerequisite to the consideration of plaintiff's contacts with the forum in evaluating whether or not there are adequate minimum contacts to support jurisdiction, is that the contacts must be meaningful rather than formal

and legalistic. * * * Delaware's interest in providing a forum for adjudicating disputes over the acquisition of shares of stock of Delaware corporations may be adequate to satisfy due process standards in some situations, but it is insufficient to sustain jurisdiction where the only tie to Delaware is that the plaintiff corporation was incorporated here."

Thereafter, in *Shaffer v. Heitner, supra,* the United States Supreme Court, in ruling on the constitutionality of an attempted sequestration under § 366, made it abundantly clear that henceforth the "minimum contacts" requirement of *International Shoe Co. v. Washington* must also govern the validity of *in rem* jurisdiction premised on the existence of property within the forum state. In setting aside the last vestige of *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1877) the Supreme Court stated as follows at 433 U.S. 212, 97 S.Ct. 2584, 53 L.Ed.2d 703:

"The fiction that an assertion of jurisdiction over property is anything but an assertion of jurisdiction over the owner of the property supports an ancient form without substantial modern justification. Its continued acceptance would serve only to allow state court jurisdiction that is fundamentally unfair to the defendant.

"We therefore conclude that all assertions of state court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny."

And while the Supreme Court acknowledged that there could be instances where the presence of property in a state could bear on the existence of jurisdiction by providing contacts among the forum state, the defendant and the litigation, citing for example situations in which claims to the property itself are the source of the underlying controversy between the parties, or where the dispute is about either the right to possession or the marketability of property within a state's borders, or where the defendant's ownership of the property is conceded "but the cause of action is otherwise related to rights and duties growing out of that ownership," it was nonetheless held as follows at 433 U.S. 209, 97 S.Ct. 2582, 53 L.Ed.2d 701:

"Thus, although the presence of the defendant's property in a State *might suggest the existence of other ties* among the defendant, the State, and the litigation, *the presence of the property alone would not support the State's jurisdiction.* If those other ties did not exist, cases over which the State is now thought to have jurisdiction could not be brought in that forum." (Emphasis added.)

Strangely enough, this seems to indicate that even the physical presence of property in a state, be it real or personal property, will no longer, standing alone, support *in rem* jurisdiction for an action related to the rights and duties arising out of its ownership. It must naturally follow that where the presence of the property is fictional rather than actual, the basis for *in rem* or *quasi in rem* jurisdiction is no stronger.

Applying the foregoing to the present situation, the sole connection of the Louart defendants with this forum is that they are the owners of corporate stock which, by statute, has its fictional (and quite legal) situs in Delaware. In addition, the action as to which their involvement is sought concedes the Louart defendants' ownership of the stock and seeks only to determine the voting rights of Arden-Mayfair stock at an annual election of directors as such rights may or may not be affected by the California statutes on which the Louart defendants rely. However, neither this latter factor nor the present status of the record suggests any of the nebulous "other ties" which have now become so vital to the ability of a state to supervise property rights which exist by virtue of its sovereignty.

Consequently, as applied to the existing facts of the situation, it appears that under the "traditional notions of fair play and substantial justice" which form the framework for *International Shoe, Shaffer v. Heitner, U. S. Industries, Inc. v. Gregg* and *Barber-Greene,* the nonresident Louart defendants have a constitutionally protected

right to be free from appearing in the courts of the state of Arden-Mayfair's domicile in a suit precipitated by them and brought to establish the present nature and extent of their voting rights (as well as the voting rights of all other shareholders) in Arden-Mayfair's stock. And this right springs from the happenstance that the only cognizable contact of the Louart defendants with Delaware so far has been their acquisition of corporate stock having its legal situs in Delaware, a factor which, standing alone, is no longer of any consequence for the purpose of substituted service of process. Such appears to be the current status of the law insofar as *in rem* jurisdiction is concerned.

The motion of the Louart defendants to dismiss the complaint as to them based upon lack of jurisdiction and for insufficiency of service of process is granted. Order on notice.