14 F.3d 593
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Leon BUCKNER; Gerald Davis Fuller, Plaintiffs-Appellants,
v.
William Donald SCHAEFER, Governor; Board of Supervisors of
Elections for Somerset County; State Administration Board
of Election Laws; Kenneth Taylor, Warden; Board of
Supervisors of Elections for the State of Maryland,
Defendants-Appellees.
Robert Leon BUCKNER; Gerald Davis Fuller, Plaintiffs-Appellants,
v.
William Donald SCHAEFER, Governor; Board of Supervisors of
Elections for Somerset County; State Administration Board
of Election Laws; Kenneth Taylor, Warden; Board of
Supervisors of Elections for the State of Maryland,
Defendants-Appellees.
Gerald Davis Fuller, Plaintiff-Appellant,
v.
STATE of MARYLAND; William Donald SCHAEFER, Governor; Board
of Election Laws for Maryland; Board of
Supervisors of Elections for Somerset
County; Kenneth Taylor,
Warden,
Defendants-
Appellees.
Robert Leon BUCKNER; Gerald Davis Fuller, Plaintiffs-Appellants,
v.
William Donald SCHAEFER, Governor; Board of Supervisors of
Elections for Somerset County; State Administration Board
of Election Laws; Kenneth Taylor, Warden; Board of
Supervisors of Elections for the State of Maryland,
Defendants-Appellees.
 Nos. 93-6547, 93-6729, 93-6846, 93-6983.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 26, 1993.
Decided Dec. 22, 1993.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-92-2350-S, CA-93-2011-S)
 Robert Leon Buckner, Gerald Davis Fuller, appellants pro se.
 Richard M. Kastendieck, Elizabeth L. Nilson, Office of the Attorney General of Maryland, Baltimore, MD, for appellees.
 D.Md.
 AFFIRMED IN PART AND DISMISSED IN PART IN NO. 93-6547. DISMISSED IN PART AND VACATED AND REMANDED IN PART IN NO. 93-6729. DISMISSED IN NOS. 93-6846 and 93-6983.
 Before HALL and PHILLIPS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Leon Buckner and Gerald Davis Fuller initiated a 42 U.S.C. Sec. 1983 (1988) action to challenge the constitutionality of Maryland's legislative disenfranchisement of convicted felons. An appeal by Buckner[1] of the district court's dismissal of the complaint, pursuant to 28 U.S.C. Sec. 1915(d) (1988), resulted in a vacatur of that dismissal only as to the claim of racial discrimination. Buckner v. Schaefer, No. 92-2189, 1993 U.S.App. LEXIS 9534, at n. 1 (4th Cir. Apr. 23, 1993) (unpublished). Three appeals presently before the Court--Case Nos. 93-6547, 93-6729, and 93-6983--concern subsequent rulings by the district court in this action. The remaining appeal, Case No. 936846, stems from the court's Sec. 1915(d) dismissal of a separate but identical cause of action initiated by Fuller.
 
 I.
 
 2
 Our consideration begins with Case No. 93-6729, appealing the denial of Fuller's "Notice of Precautionary Joinder in Motion" and Buckner and Fuller's "Motion For Leave to Amend Complaint," because that case is dispositive of Fuller's role in these appeals. Despite his failure to appeal the Sec. 1915(d) dismissal, Fuller continued to participate in the original Sec. 1983 action by co-signing all pleadings filed by Buckner and filing other pleadings on his own behalf. The court disregarded Fuller's efforts and denied his attempt to intervene by way of the "Notice of Precautionary Joinder in Motion." Appellees have moved to dismiss Case No. 93-6729 because of its purportedly interlocutory nature.
 
 
 3
 Although the denial of a Fed.R.Civ.P. 24 motion for intervention is immediately appealable, Stringfellow v. Concerned Citizens in Action, 480 U.S. 370, 377 (1987), Buckner lacks standing to appeal the denial of that motion because he was neither injured nor aggrieved thereby. Machella v. Cardenas, 659 F.2d 650, 651-52 (5th Cir. Unit A Oct. 1981). We grant Appellees' motion to dismiss that facet of the appeal and deny Buckner's motion to proceed in forma pauperis.
 
 
 4
 Fuller has standing to appeal the denial of his intervention motion because, despite his failure to appeal the Sec. 1915(d) dismissal, he has participated significantly in the proceedings below and has a substantial interest in the outcome of the action. Kenny v. Quigg, 820 F.2d 665, 668 (4th Cir.1987). In denying the motion, the district court construed Fuller's failure to appeal as a bar to Fuller's relitigation of the racial discrimination claim. However, because aSec. 1915(d) dismissal does not operate as an adjudication on the merits, Denton v. Hernandez, 60 U.S.L.W. 4346, 4348 (U.S.1992), the dismissal of the action was without prejudice, and Fuller could, and in fact did, initiate another action, which Buckner has unsuccessfully attempted to join, asserting the same racial discrimination claim contained in Buckner's pending action. We find that permitting Fuller to intervene is consistent with the goals of judicial economy, protection of nonparties from adverse judgments entered in their absence, and expeditious resolution of litigation embodied in Rule 24. Stallworth v. Monsanto Co., 558 F.2d 257, 265 (5th Cir.1977).
 
 
 5
 The court abused its discretion in denying Fuller's intervention motion based on his failure to appeal the Sec. 1915(d) dismissal. Gould v. Alleco, Inc., 883 F.2d 281, 284, 286 (4th Cir.1989) (standard of review), cert. denied, 493 U.S. 1058 (1990). Accordingly, we grant Fuller's motion to proceed in forma pauperis in this appeal, vacate the denial of Fuller's "Notice of Precautionary Joinder in Motion," and remand with instructions that Fuller be permitted to intervene in this action.[2]
 
 
 6
 We grant Appellees' motion to dismiss that portion of Case No. 93-6729 pertaining to the denial of the motion to amend the complaint for lack of jurisdiction because that order is not appealable. This Court may exercise jurisdiction only over final orders, 28 U.S.C. Sec. 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. Sec. 1292 (1988); Fed. R. Civ. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). Because the motion to amend the complaint is neither a final order nor an appealable interlocutory or collateral order, we deny the motions to proceed in forma pauperis and dismiss the appeal as to that facet of Case No. 93-6729 as interlocutory.
 
 II.
 
 7
 Case No. 93-6547 concerns the denial of the "Renewed Request for Temporary Restraining Order and Preliminary Injunction." We dismiss as interlocutory the appeal from the denial of the motion for temporary restraining order. Virginia v. Tenneco, Inc., 538 F.2d 1026, 1029-30 (4th Cir.1976). Although immediately appealable, 28 U.S.C.A. Sec. 1292(a)(1) (West Supp.1993), the denial of the preliminary injunction motion was not an abuse of discretion, see Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 358 (4th Cir.1991), given Buckner and Fuller's failure to establish a clear entitlement to the extraordinary remedy of injunctive relief. Murrow Furniture Galleries, Inc. v. Thomasville Furniture Indus., Inc., 889 F.2d 524, 526 (4th Cir.1989). Therefore, in Case No. 93-6547, we grant the motions to proceed in forma pauperis, dismiss the appeal of the denial of the motion for temporary restraining order, and affirm the denial of the preliminary injunction motion.
 
 III.
 
 8
 Case No. 93-6983 concerns the denial of Buckner and Fuller's motion for default judgment and "Motion for Order Compelling Discovery." Because of their interlocutory nature, neither of these orders are immediately appealable. See North Carolina Ass'n of Black Lawyers v. North Carolina Bd. of Law Examiners, 538 F.2d 547 (4th Cir.1976). Hence, we deny the motions to proceed in forma pauperis and dismiss this appeal as interlocutory.
 
 IV.
 
 9
 Case No. 93-6846 represents Fuller's appeal of the court's dismissal of his separate but identical Sec. 1983 action on res judicata grounds. However, as discussed above, Fuller's failure to appeal the original Sec. 1915(d) dismissal of the complaint filed by Buckner and Fuller does not constitute an adjudication on the merits of the underlying claims. Denton, 60 U.S.L.W. at 4348. Although the court abused its discretion in dismissing Fuller's new complaint on that basis, we find that, given our partial vacatur of Case No. 93-6729 and instructions that Fuller be permitted to intervene in Buckner's pending action, this dismissal is harmless error. Fed.R.Civ.P. 61. Accordingly, we dismiss Case No. 93-6846 as moot.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 No. 93-6547--AFFIRMED IN PART, DISMISSED IN PART
 
 
 12
 No. 93-6729--DISMISSED IN PART, VACATED AND REMANDED IN PART
 
 No. 93-6983--DISMISSED
 No. 93-6846--DISMISSED
 
 
 [1]
 This Court lacked appellate jurisdiction as to Fuller because of his failure to sign the notice of appeal. See Covington v. Allsbrook, 636 F.2d 63, 64 (4th Cir.1980), cert. denied, 451 U.S. 914 (1981)
 
 
 [2]
 All other motions encompassed in Case Nos. 93-6547, 93-6729, and 93-6983 were jointly drafted, briefed, filed, and, upon their denial, appealed by Buckner and Fuller. Despite the court's limitation of its rulings on those motions to Buckner, we find that, had Fuller been permitted to intervene, those rulings would have equal force as to Fuller. Hence, our subsequent resolution of these appeals are equally dispositive as to Fuller's attempted appeals of those orders