**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1620
_____

HAROLD R. BERK,
                Appellant

v.

WILSON C. CHOY, MD; BEEBE MEDICAL CENTER, INC.; ENCOMPASS
HEALTH REHABILITATION HOSPITAL OF MIDDLETOWN, LLC
_____

On Appeal from the United States District Court
for the District of Delaware
(No. 1-22-cv-01506)
U.S. District Judge: Honorable Richard G. Andrews
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2024
_____

Before: SHWARTZ, PHIPPS, and MONTGOMERY-REEVES, <u>Circuit Judges</u>.

(Filed: July 25, 2024)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Harold Berk appeals the District Court's order dismissing his medical malpractice suit against his healthcare providers because he failed to provide an affidavit of merit ("AOM") as required under Delaware law. For the following reasons, we will affirm.

I

After allegedly receiving negligent care for an ankle injury, Berk sued Defendants[1] for medical malpractice under Delaware law. The District Court, sitting in diversity, dismissed Berk's complaint for failure to file an AOM as required by the Delaware Health-Care Negligence Insurance and Litigation Act, Del. Code Ann. tit. 18, § 6853.[2] Berk appeals.

---

[1] Defendants are Wilson C. Choy, MD, Beebe Medical Center, Inc., and Encompass Health Rehabilitation Hospital of Middletown, LLC.

[2] The Delaware AOM statute provides:

> (a) No health-care negligence lawsuit shall be filed in this State unless the complaint is accompanied by:
>
> (1) An affidavit of merit as to each defendant signed by an expert witness, . . . stating that there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant. If the required affidavit does not accompany the complaint or if a motion to extend the time to file said affidavit as permitted by paragraph (a)(2) of this section has not been filed with the court, then the Prothonotary or clerk of the court shall refuse to file the complaint and it shall not be docketed with the court . . . .
>
> (2) The court, may, upon timely motion of the plaintiff and for good cause shown, grant a single 60-day extension for the time of filing the affidavit of merit . . . .

II[3]

The question before the Court is whether the Delaware AOM statute conflicts with the Federal Rules of Civil Procedure (the "Federal Rules") and if not, whether a federal court must apply the AOM statute as a substantive state law.

A

Under the Erie doctrine, "a federal court sitting in diversity must apply substantive state law and federal procedural law." Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 302 (3d Cir. 2012) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). To the extent a statute or rule determine the outcome of a case, Erie ensures that such an outcome would be the same regardless of whether the case is filed in federal or state court. Chamberlain v. Giampapa, 210 F.3d 154, 158-59 (3d Cir. 2000). Thus, when faced with whether to apply a state statute in a federal case, we must determine whether the state statute conflicts with the Federal Rules. If there is a conflict, then the federal court must apply the Federal Rule, so long as it "is authorized by the Rules Enabling Act[,] [28 U.S.C. § 2072,] and consistent with the

---

(3) A motion to extend the time for filing an affidavit of merit is timely only if it is filed on or before the filing date that the plaintiff seeks to extend[.]

Del. Code Ann. tit. 18, § 6853(a)(1)-(3).

[3] The District Court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291. We review questions of law, like whether a state's AOM statute applies in federal courts sitting in diversity, de novo. Schmigel v. Uchal, 800 F.3d 113, 114 n.4 (3d Cir. 2015) (citation omitted).

Constitution." Id. at 159 (citing Hanna v. Plumer, 380 U.S. 460, 470 (1965)).[4, 5] If there is no conflict, we must consider whether (1) the state statute is outcome determinative, and (2) applying it would frustrate Erie. Schmigel v. Uchal, 800 F.3d 113, 119 (3d Cir. 2015).

A conflict exists when "the scope of [the] Federal Rule [] is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of [the state] law." Burlington N. R.R. Co. v. Woods, 480 U.S. 1, 4-5 (1987) (internal quotation marks omitted) (quoting Walker

---

[4] Because we conclude that there is no conflict between the Federal Rules and the Delaware AOM statute, we need not engage in the Rules Enabling Act and constitutional analysis.

[5] Contrary to Berk's argument, the plurality opinion in Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co. did not change what it described as the analytical framework for determining whether there is a conflict between a Federal Rule and state law. 559 U.S. 393, 398 (2010). The Shady Grove plurality described its conflict-of-law test as "familiar" and, by citing to Burlington, endorsed the Burlington test. Id. We have applied Burlington in our cases applying Erie to AOM statutes and, by consequence, we have examined the statutes consistent with Shady Grove. See Liggon-Redding, 659 F.3d at 262 ("[A] court must determine whether there is a direct collision between a federal rule and the state law rule that the court is being urged to apply."); Chamberlain, 210 F.3d at 160 (same).

Shady Grove simply clarified that, when there is a conflict, the Federal Rule preempts the state law, irrespective of whether the state law is of a "substantive nature" or serves a "substantive purpose[.]" 559 U.S. at 409; Nuveen, 692 F.3d at 302-04 (observing the limited import of the Shady Grove plurality: that after a court has identified a conflict, it matters not whether the state law is substantive or procedural, but, rather, whether the Federal Rule is truly procedural); Schmigel v. Uchal, 800 F.3d at 119 (same). A rule is procedural if it "really regulat[es] procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them[.]'" Shady Grove, 559 U.S. at 410 (quoting Sibbach v. Wilson & Co., 312 U.S. 1, 14 (1941)).

4

v. Armco Steel Corp., 446 U.S. 740, 749-50 (1980); citing Hanna, 380 U.S. at 471-72)). There is no conflict when a state statute and the Federal Rule "can exist side by side, . . . each controlling its own intended sphere of coverage without conflict." Walker, 446 U.S. at 752. Applying this standard, we have previously concluded that the analogous AOM statutes of Pennsylvania and New Jersey do not conflict with the Federal Rules. See Liggon-Redding v. Est. of Sugarman, 659 F.3d 258, 262-64 (3d Cir. 2011) (Pennsylvania's AOM statute); Chamberlain, 210 F.3d at 159-61 (New Jersey's AOM statute); see also Nuveen, 692 F.3d at 303-04 (affirming Chamberlain and concluding that Shady Grove and other intervening precedent did not render Chamberlain's collision-of-law analysis invalid); Schmigel, 800 F.3d at 119 (requiring a federal court sitting in diversity to apply Pennsylvania's requirement that defendant give plaintiff notice about the absence of an AOM before moving to dismiss a complaint).[6]

Like the Pennsylvania and New Jersey AOM statutes, Delaware's AOM statute does not conflict with any Federal Rule, including Rules 8, 9, 10, and 11.

---

[6] Shady Grove did not upend the "direct collision" test by instructing courts to consider whether the Federal Rule "answers the [same] question" as the state statute. 559 U.S. at 398. In fact, the phrase "answers the question in dispute" incorporates the standard articulated in Burlington (i.e., that there is a conflict when "the scope of [the] Federal Rule [] is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law"). Burlington, 480 U.S. at 4-5 (internal quotation marks and citations omitted); accord CoreCivic, Inc. v. Candide Grp., LLC, 46 F.4th 1136, 1141 (9th Cir. 2022) ("[T]he [Shady Grove] majority opinion broke little new ground with respect to the standard for assessing a potential conflict between the [F]ederal [R]ules and state law."). Therefore, Shady Grove does not disturb the analysis in our precedent.

A state AOM statute does not conflict with Federal Rules 8[7] or 9[8] if it (1) "does not require a plaintiff to set forth any factual averments upon which a claim is based," Liggon-Redding, 659 F.3d at 262; (2) "does not have any effect on what is included in the pleadings of a case or the specificity thereof[,]" id. at 263 (internal quotation marks and citations omitted); and (3) "is not a pleading and need not be filed until well after the complaint," id. at 263; see also Chamberlain, 210 F.3d at 160 (considering these factors while reviewing New Jersey's AOM statute).[9] The Delaware AOM statute (1) does not require a plaintiff to state any facts to support his claim and (2) has no impact on the contents of the pleadings or specificity of the allegations. See Del. Code Ann. tit. 18, § 6853(a); see, e.g., Dishmon v. Fucci, 32 A.3d 338, 344 (Del. 2011) (holding that an AOM does not need a factual basis and need only contain the "functional equivalent of the statutory language"). Unlike Rules 8 and 9, which "dictate the content of the pleadings and the degree of specificity that is required," Chamberlain, 210 F.3d at 160, the Delaware statute functions simply "to reduce the filing of meritless medical negligence claims." Dishmon, 32 A.3d at 342. Furthermore, an AOM is not a pleading because it does not provide notice of a claim or seek court intervention. See CPR Mgmt., S.A. v. Devon Park Bioventures, L.P., 19 F.4th 236, 243 (3d Cir. 2021) (observing that pleadings

---

[7] Rule 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

[8] Rule 9 sets forth the pleading requirements for certain types of claims, but malpractice claims is not one of them. See Fed. R. Civ. P. 9.

[9] The Pennsylvania and New Jersey statutes require a plaintiff to file an AOM within sixty days after filing the complaint. Pa. R. Civ. P. 1042.3(a); N.J. Stat. Ann. § 2A:53A-27.

are distinct filings that serve to "provide notice to an adverse party that it has a claim or defense and is seeking court intervention"); see also Fed. R. Civ. P. 7(a); 13(b), (g) (designating "[p]leadings" as a set of submissions—e.g., a complaint, answer, counterclaim, crossclaim—not including attachments). Finally, a plaintiff can seek permission to submit the AOM after he files his complaint, thereby demonstrating it is separate and distinct from the pleading. See Del. Code Ann. tit. 18, § 6853(a); Nuveen, 692 F.3d at 303 (explaining that there is no conflict between the state AOM statue and Rule 8 when the state AOM law permits "temporal separation of the filing of the complaint and the affidavit"). Because the AOM is not a pleading and serves a different purpose than pleadings do, there is no conflict between the Delaware statute and Rules 8 or 9.

The Delaware AOM statute also does not conflict with Rules 11 or 12. "Rule 11 requires an attorney to sign a pleading, thereby attesting that the complaint is meritorious." Liggon-Redding, 659 F.3d at 263; see also Fed R. Civ. P. 11(a). In contrast, the Delaware AOM statute requires a statement by "an expert witness" representing that "there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant." Del. Code Ann. tit. 18, § 6853(a)(1). Put differently, Rule 11 governs attorney conduct, whereas the Delaware statute governs what an expert must do in a particular type of case. These two rules therefore have different "sphere[s] of coverage" and do not conflict. Walker, 446 U.S. at 752.

Rule 12 also does not conflict with the Delaware AOM statute. Rule 12 provides litigants a mechanism to test the sufficiency of a complaint's factual allegations and

whether they provide a basis for relief.  See Bell Atl. Corp v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009); Fed. R. Civ. P. 12(b)(6).  Whether a complaint is sufficient, however, has no bearing on a court's decision to dismiss an action for failure to comply with an AOM statute.  As stated previously, a state AOM statute "serves an entirely different purpose" from a pleading and contemplates a process for addressing noncompliance that differs from a motion to dismiss based on a pleading defect.  Liggon-Redding, 659 F.3d at 264.  Therefore, the Delaware AOM statute does not collide with Rule 12.[10]

B

Having identified no conflict, we next examine whether the Delaware statute is substantive (and therefore applicable here) or procedural (and therefore not applicable here) by assessing whether: (1) "the state law is outcome-determinative"; and (2) "failure to apply the state law would frustrate the twin aims of [] Erie[,]" namely to (a) "discourage forum shopping" and (b) "avoid inequitable administration of the law."

---

[10] Many of the out-of-circuit cases Berk cites, where courts have declined to enforce AOM statutes, involved actions brought by federal prisoners under the Federal Tort Claims Act ("FTCA") and thus are federal question cases.  See Corley v. United States, 11 F.4th 79, 83 (2d Cir. 2021); Pledger v. Lynch, 5 F.4th 511, 515 (4th Cir. 2021); Young v. United States, 942 F.3d 349, 350 (7th Cir. 2019); Gallivan v. United States, 943 F.3d 291, 293-34 (6th Cir. 2019); see also Appellant Br. at 4.  While state laws have a role in FTCA cases, the role of those laws address tort liability.  Wilson v. United States, 79 F.4th 312, 318 (3d Cir. 2023).  Other out-of-circuit cases that have declined to enforce AOM statutes are further distinguishable because they treat AOMs as pleadings, see, e.g., Martin v. Pierce Cnty., 34 F.4th 1125, 1129-30 (9th Cir. 2022); Albright v. Christensen, 24 F.4th 1039, 1045-46 (6th Cir. 2022), which is contrary to our conclusion that AOMs are not pleadings where, as here, the state AOM statute permits "temporal separation of the filing of the complaint and the [AOM]."  Nuveen, 692 F.3d at 303.

8

Schmigel, 800 F.3d at 119 (internal quotation marks and citation omitted).  For the following reasons we conclude that application of the AOM is outcome determinative and failing to apply it would frustrate Erie.

First, in Delaware state court, a plaintiff's failure to comply with the AOM requirement can result in the dismissal of his case.  See, e.g., Enhaili v. Patterson, No. 272, 2018, 2018 WL 5877282, at *1 (Del. Nov. 7, 2018) (affirming an order dismissing a complaint alleging medical negligence for failing to file an AOM).  "Dismissing a claim or case can certainly determine the outcome of the matter."  Liggon-Redding, 659 F.3d at 264 (observing that "failing to apply the Pennsylvania [AOM] rule in a federal action where no certificate of merit was filed would 'produce a different outcome than that mandated in [a] state proceeding'" (quoting Chamberlain, 210 F.3d at 161)).  Application of the Delaware statute is thus outcome determinative.

Second, applying the statute would promote Erie's twin aims.  As to the question of forum shopping, "a plaintiff 'who [has] been unable to secure expert support for [his] claims and face[s] dismissal under [an AOM] statute in state court may, by filing in federal court, be able to survive beyond the pleading stage and secure discovery." Id. (first and second alterations in the original) (quoting Chamberlain, 210 F.3d at 161). Thus, allowing such a plaintiff to proceed in federal court would provide him an advantage that he would lack in state court and encourage him to find a way to seek relief in a federal court.  As to the question of inequitable treatment, if we decline to apply the Delaware AOM statute, "a defendant in federal court would be forced to engage in additional litigation and expense in a non-meritorious malpractice suit simply because the

9

plaintiff was from a different state" and filed suit in federal court. Id. (citing

Chamberlain, 210 F.3d at 161). Accordingly, both aims of Erie are satisfied by enforcing

the Delaware AOM statute in federal court.[11]

Therefore, the Delaware AOM statute is substantive and must be enforced by a

federal court sitting in diversity, and because Berk did not provide an AOM, the District

Court correctly dismissed his complaint.

### III

For the foregoing reasons, we will affirm.[12]

---

[11] Berk identifies no "countervailing federal interests [that] prevent the state law from being applied[.]" Liggon-Redding, 659 F.3d at 262 (citing Chamberlain, 210 at 159-61).

[12] Judge Phipps agrees with the disposition of this appeal because he sees no persuasive grounds for preventing the legal reasoning in this Court's prior precedents, which hold that New Jersey's affidavit-of-merit statute, N.J. Stat. Ann. § 2A:53A-27, and Pennsylvania's certificate-of-merit rule, Pa. R. Civ. P. 1042.3(a)(1), apply as the substantive law in diversity suits, from also governing the applicability of the Delaware affidavit-of-merit statute, Del. Code Ann. tit. 18 § 6853(a)(1), in diversity suits. See Schmigel, 800 F.3d at 121–22 (concluding that Pennsylvania's certificate-of-merit statute did not conflict with Federal Rules of Civil Procedure 7(b) or 12(b) and that the rule applied since it was substantive); Nuveen, 692 F.3d at 302–03 (holding that there was no direct conflict between New Jersey's affidavit-of-merit statute and Federal Rules of Civil Procedure 8 and 9 and that New Jersey's statute applied because it was substantive); Liggon-Redding, 659 F.3d at 262, 264 (holding that Pennsylvania's certificate-of-merit statute did not directly conflict with Federal Rules of Civil Procedure 7, 8, 9, 11, or 41(b), and that Pennsylvania's rule applied as substantive); Chamberlain, 210 F.3d at 160–61 (concluding that there was no direct conflict between New Jersey's affidavit-of-merit statute and Federal Rules of Civil Procedure 8 and 9, and that New Jersey's rule applied since it was substantive). If writing on a clean slate, however, he may not arrive at that same conclusion, and thus he concurs in only the judgment. See Schmigel, 800 F.3d at 125–26 (Rendell, J., dissenting); Benjamin Grossberg, Uniformity, Federalism, and Tort Reform: The Erie Implications of Medical Malpractice Certificate of Merit Statutes, 159 U. Pa. L. Rev. 217, 242–47, 251–56 (2010).