# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

DEUTSCHE BANK AG,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )  C.A. No. 2017-0822-SG
                                     )
DEVON PARK BIOVENTURES, L.P.,        )
DEVON PARK ASSOCIATES, L.P.,         )
SEBASTIAN HOLDINGS, INC., and        )
UNIVERSAL LOGISTIC MATTERS,          )
S.A.,                                )
                                     )
            Defendants.              )
                                     )
_____)
                                     )
DEVON PARK BIOVENTURES, L.P.,        )
                                     )
            Counterclaim             )
            Plaintiff,               )
                                     )
      v.                             )
                                     )
DEUTSCHE BANK AG,                    )
                                     )
            Counterclaim             )
            Defendant,               )
                                     )
      and                            )
                                     )
SEBASTIAN HOLDINGS, INC. and         )
UNIVERSAL LOGISTIC MATTERS,          )
S.A.,                                )
                                     )
            Cross-Claim              )
            Defendants.              )

**MEMORANDUM OPINION**

Date Submitted:  July 31, 2023
Date Decided:  October 31, 2023

Stephen C. Norman and Aaron R. Sims, POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; OF COUNSEL: David G. Januszewski and Sheila C. Ramesh, CAHILL GORDON & REINDEL LLP, New York, New York, *Attorneys for Plaintiff and Counterclaim Defendant Deutsche Bank AG.*

Edwin J. Harron, James M. Yoch, Jr., and Kevin P. Rickert, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; OF COUNSEL: Kevin C. Maclay, Todd E. Phillips, Quincy M. Crawford, and Nathaniel R. Miller, CAPLIN & DRYSDALE, CHARTERED, Washington, D.C., *Attorneys for Defendant, Counterclaim Plaintiff, and Cross-Claim Plaintiff Devon Park Bioventures, L.P. and Defendant Devon Park Associates, L.P.*

William M. Kelleher, Neil R. Lapinski, and Phillip A. Giordano, GORDON, FOURNARIS & MAMMARELLA, P.A., Wilmington, Delaware; OF COUNSEL: Ira S. Zaroff and Richard M. Zaroff, ZAROFF & ZAROFF LLP, Garden City, New York, *Attorneys for Defendant Sebastian Holdings, Inc.*

P. Clarkson Collins, Jr., K. Tyler O'Connell, Albert J. Carroll, and R. Eric Hacker, MORRIS JAMES LLP, Wilmington, Delaware, *Attorneys for Defendant CPR Management, S.A., f.k.a. Universal Logistic Matters, S.A.*

**GLASSCOCK, Vice Chancellor**

This is essentially a collection action, in which Plaintiff, Deutsche Bank AG ("Deutsche") is attempting to vindicate a portion of a judgment awarded in an English Court in 2013 against Defendant Sebastian Holdings, Inc. ("Sebastian"). Sebastian is a citizen of the Turks and Caicos Islands. Among its assets was a limited partnership interest in a Delaware limited partnership, Devon Park Bioventures, LP ("Devon LP"). Sebastian assigned its limited partnership interest (the "Devon Interest"), post judgment, to Defendant CPR Management, S.A. ("CPR"), a Panamanian entity. Both these Defendants are associated with (per the complaint) a Norwegian billionaire, Alexander Vik ("Vik Jr."), or his father.

Devon LP is ending the end of its fund life and, as of March 2015, has been distributing exited investments to its limited partners. It is holding a sum representing the former Sebastian limited partnership interest, the Devon Interest, in a bank account in Pennsylvania, Devon LP's principal place of business. Deutsche sought a judgment in this litigation that the transfer of the Devon Interest from Sebastian to CPR was fraudulent, done simply to frustrate collection of the judgment in favor of Deutsche. I was unable to reach that question, because I found that I had jurisdiction over neither Sebastian nor CPR.[1]

---

[1] *Deutsche Bank AG v. Devon Park Bioventures, L.P.*, 2021 WL 2711472, at *11 (Del. Ch. June 30, 2021) ("*Deutsche Bank I*").

1

Deutsche has shifted ground. It now seeks to proceed *in rem.* It contends that the Devon Interest is an intangible piece of personal property constructively located in Delaware, where Devon LP was created. It seeks a charging order against the current holder of the Devon Interest. Although this Court does not have personal jurisdiction over Sebastian, Deutsche asserts that an *in rem* action over the Devon Interest does not offend due process, in part because it already has a judgment against Sebastian, which had the opportunity to litigate the underlying indebtedness.

Sebastian and CPR (the "Jurisdictional Defendants") have moved to dismiss under Rule 12(b)(2). They argue that, as intangible personal property, the Devon Interest resides with the holder of the Devon Interest, that is, in Panama or the Turks and Caicos Islands. If so, there is no *res* in this state to provide *in rem* jurisdiction. I need not resolve this question, however. That is because, even if the Devon Interest is here, determining the ownership thereof would be predicate to the charging order that Deutsche seeks. In turn, that would require haling CPR into this jurisdiction to defend on the issue of fraudulent transfer.[2] But I have already determined that I have no jurisdiction over CPR for that purpose. This is simply a backdoor way of obtaining jurisdiction over CPR in the substantive fraud litigation, which I have

---

[2] Deutsche also seeks a finding that CPR is the alter ego of Vik, Jr., who is the alter ego of Sebastian. *See* Tr. 7-31-2023 Tel. Suppl. Oral Argument re Defs.' Mots. to Dismiss 50:14–51:2 ("Oral Arg. Tr."). Adjudication of this theory would also require *in personam* jurisdiction that is lacking here.

2

already determined is not supported by due process. CPR is the record holder of the Devon Interest; Deutsche has a judgment against Sebastian, not CPR. Under our statute, any court with jurisdiction may issue a charging order; Deutsche will have to seek such order in a court with jurisdiction over CPR.

Likewise, Devon LP seeks to interplead the sum representing the Devon Interest in this Court, then let Sebastian and CPR litigate over the ownership. But CPR is the record holder of the Devon Interest, per Devon LP. This is not a dispute between CPR and Sebastian as to who owns the Devon Interest. It seems that Devon LP foresees the interpleader action as setting up a forum for Deutsche to prove its fraud claim against the Jurisdictional Defendants in Delaware.[3] But again, I lack personal jurisdiction over Sebastian or CPR. As I noted in my June 30, 2021, Memorandum Opinion, Deutsche is undoubtedly frustrated by what it sees as Vik Jr.'s egregious evasion of Deutsche's judgment rights. This litigation, however, "is about nothing more than an allegedly fraudulent transfer of equity in a Delaware entity between two foreign citizens, to frustrate a judgment debt obtained by a third foreign entity in a foreign jurisdiction. Accordingly, due process dictates that this Court must stand aside."[4] Recasting this fraud claim as *in rem*, under the facts here, does not change that result.

---

[3] I note that Deutsche is pursuing its claims in this matter in other fora as well.
[4] *Deutsche Bank I*, 2021 WL 2711472, at *11.

3

A final observation is warranted. Deutsche seeks a charging order against distribution of the "Devon Interest," which, per the complaint, would constitute a lien against Sebastian *and/or* CPR. In other words, it seeks to charge the "Interest," whoever may hold it; further, it seeks a declaration that Sebastian "is the owner of the Devon. . . Interest[.]" Accordingly, I have not considered whether a conditional charging order against the limited partnership interest of Sebastian *alone*, if any, is permissible under Delaware law, or whether such an order would satisfy due process given the fact that Deutsche has obtained a judgment against Sebastian in a jurisdiction where Sebastian appeared and opposed.

My rationale is below.

## I. BACKGROUND [5]

### A.    The Parties and Relevant Non-Parties

Plaintiff and Counterclaim Defendant Deutsche Bank ("Deutsche") is a corporation organized under the laws of Germany.[6] Deutsche maintains a branch office in New York, New York, and has consented to personal jurisdiction.[7]

---

[5] This memorandum opinion includes a brief recitation of facts and incorporates only those necessary to my analysis. A fuller explanation of the facts is laid out in *Deutsche Bank I.*
[6] Verified Am. Compl. ¶ 8, Dkt. No. 326 ("Am. Compl.").
[7] *See id.*

Defendant Devon LP is a Delaware limited partnership with its principal office in Pennsylvania.[8] Devon LP has also filed counterclaims and cross-claims for interpleader in this action.[9]

Defendant Devon Park Associates, L.P. ("Devon GP") is a Delaware limited partnership and the general partner of Devon LP.[10]

Defendant Sebastian is a corporation organized under the laws of the Turks and Caicos Islands.[11] It is an exempted company, which cannot do business in the Turks and Caicos Islands beyond a *de minimis* level.[12]

The Defendant CPR is a corporation organized under the laws of Panama.[13] CPR formally changed its name from Universal Logistic Matters, S.A. to CPR Management, S.A. in 2015.[14]

Non-party Vik Jr. is a Norwegian billionaire.[15] He was, at all relevant times, the sole shareholder and director of Defendant Sebastian.[16]

---

[8] *Id.* ¶ 9.
[9] *See* Def. Devon Park Bioventures, L.P.'s Answer and Verified Countercls.–Cross-Cls. for Interpleader, Dkt. No. 15 ("Interpleader").
[10] Am. Compl. ¶¶ 10, 20.
[11] *Id.* ¶ 11.
[12] *Id.*
[13] *Id.* ¶ 12.
[14] *Id.* CPR appears to have been formerly known as both Universal Logistic Matters, S.A. and Universal Logistics Matters, S.A. *Id.* ¶ 5.
[15] *Id.* ¶¶ 2, 13.
[16] *Id.* ¶ 11.

Non-party VBI Corporation ("VBI") is a corporation organized under the laws of the Turks and Caicos Islands whose sole shareholder is, and was at all relevant times, Alexander Vik, Sr., Vik Jr.'s father.[17] VBI is an exempted Turks and Caicos company, which cannot do business in the Turks and Caicos Islands beyond a *de minimis* level.[18]

## B. Factual Background

In 2008, Sebastian failed to satisfy margin calls Deutsche made to recoup losses it incurred trading on Sebastian's behalf.[19] Deutsche filed suit against Sebastian in an English Court in 2009 (the "English Action") seeking amounts owed in connection with those unpaid margin calls, as well as interest and costs.[20] Deutsche prevailed in that action, obtaining a judgment for $235,646,345 in November 2013 ("English Judgment").[21] Sebastian has not paid Deutsche any portion of the amount due under the English Judgment.[22] Deutsche seeks to satisfy the English Judgment from Sebastian's remaining assets—in particular the Devon Interest.[23]

---

[17] *Id.* ¶ 14.
[18] *Id.*
[19] *Id.* ¶¶ 2, 36.
[20] *Id.* ¶¶ 3, 44. The English Action is captioned *Deutsche Bank AG v. Sebastian Holdings, Inc.*, Claim No. 2009 Folio 83. *Id.*
[21] *Id.* ¶¶ 1, 3, 49–51.
[22] *See id.* ¶ 53.
[23] *Id.* ¶¶ 228–29.

In 2012, during the English Action and another related action, Sebastian purported to transfer the majority of its remaining non-cash assets to non-party VBI, including the Devon Interest.[24] The transfer of the Devon Interest was never approved by Devon LP's general partner, Devon GP, as would have been required by Devon LP's Partnership Agreement.[25] In 2014, Sebastian purported to transfer the Devon Interest to CPR via an "assignment and assumption agreement."[26] Deutsche did not learn of this transfer until 2016, in connection with another lawsuit seeking to collect amounts owed under the English Judgment.[27]

In 2017, CPR initiated an arbitration proceeding against Devon LP in Pennsylvania in which CPR prevailed as the holder of the Devon Interest.[28] This arbitration award was affirmed by the United States District Court for the Eastern District of Pennsylvania and, subsequently, the Third Circuit.[29] However, a subsequent decision of an English Court concluded that *Sebastian* is the rightful owner of the Devon Interest.[30] Neither of these decisions involved all parties who claim ownership of the Devon Interest, therefore the parties' conflicting contentions

---

[24] *Id.* ¶¶ 83–85, 90.
[25] *Id.* ¶¶ 90–94, 102–103.
[26] *Id.* ¶¶ 133, 241.
[27] *Id.* ¶¶ 112–13.
[28] *Id.* ¶ 119.
[29] *See CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 240 (3d Cir. 2021). For procedural reasons not pertinent here, Deutsche was not able to participate in the arbitration.
[30] *See* Letter to Hon. Sam Glasscock III Ex. A, Dkt. No. 400 (the "English Decision").

have not yet been heard by a court of competent jurisdiction that can afford all parties their due process rights.

After prevailing in the English Action, Deutsche attempted to collect on the English Judgment with a series of actions in various courts, which are now either pending or stayed.[31]

### C. **Procedural History**

Deutsche initiated this action on November 16, 2017, asserting claims for (1) recognition and (2) enforcement of the English Judgment against Sebastian, (3) a charging order against the Devon Interest pursuant to 6 *Del. C.* § 17-703, and (4) fraud and (5) conspiracy against all defendants.[32]  Most pertinent to this decision are Deutsche's requests for charging orders against the Devon Interest.  Deutsche claims it is "entitled to charge the limited partnership interests in Devon [LP] owned by judgment debtor [Sebastian] and/or its alleged assignee, CPR in order to satisfy the English Judgment.  [Deutsche] thereby ha[s] the right to receive any distribution or distributions from Devon [LP] to which [Sebastian] or its purported assignee, CPR, would otherwise have been entitled in respect of such limited partnership interests."[33]  To accomplish this, Deutsche further states that "this Court should

---

[31] *See Deutsche Bank AG v. Vik et al.*, Index No. 161257/2013 (Sup. Ct. N.Y. Co.); *Deutsche Bank AG v. Sebastian Holdings, Inc. and Alexander Vik*, Docket No. X08-FST-CV13-5014167-S (Conn. Super. Ct.), amongst others.

[32] Am. Compl. ¶¶ 212–59 (asserting same causes of action as the original complaint); *see* Verified Compl. ¶¶ 151–97, Dkt. No. 1.

[33] Am. Compl. ¶ 232.

8

exercise its broad power and declare that [Sebastian] is the owner of the Devon [ ] Interest."[34]  In its prayer for relief, Deutsche specifically requests that this "Court enter an Order: . . . entering a Charging Order pursuant to 6 Del. C. § 17-703 against [Sebastian's] limited partnership interest in Devon [LP];" "entering a Charging Order pursuant to 6 Del. C. § 17-703 against CPR's limited partnership interest in Devon [LP];" and "declaring that such charging Orders constitute liens on [Sebastian's] *and* CPR's partnership interests in Devon [LP.]"[35]

Devon LP answered the complaint on December 21, 2017, and asserted counter- and cross-claims for interpleader against Deutsche, Sebastian, and CPR, requesting this Court determine the rightful owner of the Devon Interest and the distributions associated with it.[36]  This Court entered a temporary restraining order on January 29, 2018, to prevent Devon LP from making any distributions associated with the Devon Interest during the pendency of this action.[37]

On June 30, 2021, I granted motions to dismiss filed by Sebastian and CPR, which challenged the jurisdictional basis under the Delaware long-arm statute and jurisdiction under the conspiracy theory.[38]  In that Memorandum Opinion, I held that the Jurisdictional Defendants did not subject themselves to Delaware long-arm

---

[34] *Id.* ¶ 233.
[35] *Id.* at 78–79 (emphasis added).
[36] Interpleader ¶¶ 65–69.
[37] Tr. of Jan. 29, 2018 Arg. on Pl.'s Mot. for TRO and Rulings of the Court 101:23–112:13, Dkt. No. 96.
[38] *See Deutsche Bank I*, 2021 WL 2711472, at *7–11.

9

service and did not have sufficient minimum contacts with this state to satisfy due process in exercise of jurisdiction over them.[39]

My holding stemmed from the fact that while the asset in question was equity in a Delaware entity, transfer of that interest between foreign parties did not equate to an injury in Delaware, nor, without more, to doing business in Delaware.[40] Because Sebastian and CPR were not alleged to have taken any actions in Delaware that gave rise to the claims against them, the long-arm statute did not support exercising jurisdiction.[41] Further, Deutsche and Devon LP neither alleged a substantial act nor substantial effect in furtherance of the conspiracy that occurred in Delaware, and no basis existed to extend jurisdiction over Sebastian and CPR under the conspiracy theory.[42]

On September 22, 2021, I directed the parties to submit supplemental briefing to address only the jurisdictional issues regarding Deutsche's request for a charging order or Devon LP's interpleader claim, which were characterized as *in rem* or *quasi in rem* and supported by statutory jurisdiction.[43] I heard oral argument on April 25, 2022, and took the matter under advisement.[44]

---

[39] *Id.* at *8, 10–11.
[40] *Id.* at *11.
[41] *Id.* at *8.
[42] *Id.* at *8–9.
[43] Granted Stipulation and [Proposed] Order Regarding Suppl. Br., Dkt. No. 377.
[44] Judicial Action Form re Dismissal Post Trial before Vice Chancellor Glasscock dated Apr. 25, 2022, Dkt. No. 389.

Shortly thereafter, on June 27, 2022, litigation in England progressed, and Deutsche submitted a letter to this Court that attached a decision and order from the English Court providing *inter alia* that the purported transfer of the Devon Interest from Sebastian to CPR was a pretense because Sebastian retained beneficial ownership of the Devon Interest at all times.[45]  As a result, I directed the parties to submit supplemental memorandums of law addressing the effect of the English Court's decision on the Jurisdictional Defendants' remaining motions relating to *in rem* or *quasi in rem* jurisdiction regarding Deutsche's request for a charging order, Devon LP's interpleader claim, and motions to dismiss.[46]

This Memorandum Opinion addresses the motions of the Jurisdictional Defendants to dismiss for lack of *in rem* and *quasi in rem* jurisdiction.

## II. ANALYSIS

A court may assert *in rem* jurisdiction "to adjudicate the rights to a given piece of property, including the power to seize and hold it."[47]  The purpose of asserting *in rem* jurisdiction is to "determin[e] the status of a thing, and therefore the rights of persons generally with respect to that thing[,]" while *quasi in rem* jurisdiction involves "determining the rights of a person having an interest in property located

---

[45]*See* English Decision.
[46] Tr. of 9.27.22 Tel. Status Conf. on Pl.'s Mot. Suppl. Compl. 5:20–6:3, Dkt. No. 421.
[47] *Jurisdiction*, BLACK'S LAW DICTIONARY (11th ed. 2019).

within the court's jurisdiction."[48]  To determine whether this Court can assert *in rem* or *quasi in rem* jurisdiction, the Court must determine whether (1) the property at issue is located within its jurisdiction and (2) asserting such jurisdiction "satif[ies] the same minimum contacts test as required for [i]n personam jurisdiction under *International Shoe*. . . in order to comport with constitutional due process."[49]

In other words, the analysis is akin to that regarding personal jurisdiction in general, with the presence of the *res* in Delaware substituting for the long-arm statute as a jurisdictional hook, followed by a due process analysis.

*A. The Charging Order*

With the English Judgment in hand, Deutsche seeks to enforce its rights as a judgment creditor against Sebastian by requesting that this Court grant it a charging order against the Devon Interest pursuant to 6 *Del. C.* § 17-703.[50]  Under 6 *Del. C.* § 17-703, "[o]n application by a judgment creditor of a partner or of a partner's assignee, a court having jurisdiction may charge the partnership interest of the judgment debtor to satisfy the judgment."[51]  While the statute grants the Court of Chancery "jurisdiction to hear and determine any matter relating to any such charging order[,]"[52] *pace* Deutsche the statute does not provide the Court with

---

[48] *In rem*, BLACK'S LAW DICTIONARY (11th ed. 2019).
[49] *Grynberg v. Burke*, 388 A.2d 443, 445 (Del. Ch. 1978).
[50] *See* Am. Compl. ¶¶ 7, 230–33.
[51] 6 *Del. C.* § 17-703(a).
[52] 6 *Del. C.* § 17-703(f).

universal or exclusive jurisdiction over actions brought under this statute. The statute, as I read it, merely gives the Court of Chancery subject matter jurisdiction over charging orders, but it does not, and cannot purport to, expand the Court's jurisdiction in such a manner that would allow the Court to violate the due process rights of the parties against whom the charging order is sought.[53] Therefore, this Court must first be satisfied that it can assert jurisdiction over all parties necessary to the action, before proceeding.

### 1. *6 Del. C.* § 17-703 Does Not Grant Jurisdiction Over CPR

Our courts have not opined on where a limited partnership interest resides when that interest is owned by a partner who is foreign to Delaware. The parties have put forward, at length, their respective positions on how the Delaware Revised Uniform Limited Partnership Act should be interpreted.[54]

---

[53] *See id.*

[54] Under 6 *Del. C.* § 17-701, "[a] partnership interest is personal property." The meaning of "personal property" in this statute for purposes of determining the situs of a limited partnership interest has not yet been interpreted by this Court or any other state court in Delaware.

The Jurisdictional Defendants submit that the limited partnership interest should be considered *intangible* personal property, and, as such, request that this Court follow the common law rule to conclude that the situs of intangible property follows the domicile of the owner, which is either Panama or the Turks and Caicos in this instance. SHI's Opening Br. Addressing Issues Relating In Rem and Quasi In Rem 5, 7–8, Dkt. No. 378; Def. CPR Mgmt., S.A.'s Suppl. Opening Br. Supp. Renewed Mot. to Dismiss 15–16, Dkt. No. 379 (citing *Delaware v. New York*, 507 U.S. 490, 503 (1993)) ("CPR's Opening Br."). As further evidence supporting this contention, CPR compares the lack of a stated situs in 6 *Del. C.* § 17-701 to the analogous section in the Delaware General Corporation Law, 8 *Del. C.* § 169, that specifies that the situs of corporate stock of Delaware corporations "shall be regarded as in this State[,]" to argue that the General Assembly knew how to write a statute specifying the situs of intangible property and its failure to do so in 6 *Del. C.* § 17-701 indicates that the common law rule for intangible personal property applies. CPR's Opening Br. 14–16. Deutsche retorts that such an interpretation would render 6 *Del. C.* §

13

I need not reach the issue of where the Devon Interest has its situs, as Deutsche is seeking a charging order against the *Devon Interest*, the record holder of which is CPR, a non-party to the English Judgment upon which Deutsche now relies. While Deutsche asserts that the Court must accept all allegations in the complaint as true, including that the Devon Interest is held by Sebastian,[55] the Court is not so required when determining a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.[56] That is especially pertinent here, where there are competing judicial decisions with respect to the owner of the Devon Interest.[57] The basis for Deutsche's

---

17-703 meaningless by limiting judgment creditors' ability to seek charging orders from this Court to the atypical situation where all entities claiming ownership of the limited partnership interest are subject to personal jurisdiction in Delaware because, according to Deutsche, the Delaware Courts have *exclusive* jurisdiction under 6 *Del. C.* § 17-703. Deutsche Bank AG's Suppl. Br. Opp'n to Defs.' Mots. to Dismiss 17–20, Dkt. No. 382 ("Deutsche's Opp'n Br."). But I have rejected this argument, above.

Deutsche posits that this Court should analyze practical and equitable considerations to identify the situs of a limited partnership interest. Deutsche's Opp'n Br. 14–16 (collecting cases from other jurisdictions that have found, for the purpose of entering a post-judgment charging order, the situs of the limited partnership interest to be the same as where the limited partnership was formed). Similarly, Devon LP directs this Court's attention to federal case law that demonstrates the federal courts will exercise *in rem* jurisdiction over property even where the courts otherwise lack personal jurisdiction over an entity with an interest in the property. Counterclaim Pl. Devon Park's Suppl. Br. Supp. Finding In Rem and Quasi In Rem Jurisdiction Over Devon Park's Interpleader Claims 7–8, Dkt. No. 383 (collecting cases) ("Devon LP's Opp'n Br."). In further support of this argument, Devon LP relies on the reasoning in *Koh v. Inno-Pacific Holdings, Ltd.*, which resulted in a Washington state court granting a charging order against a limited partnership interest held in a limited partnership formed under the laws of Washington even though the interest was held by a Singaporean corporation over whom the court otherwise lacked personal jurisdiction. *Id.* at 4–6 (citing *Koh*, 54 P.3d 1270, 1271–72, 1274 (Wash. Ct. App. 2002)). Unlike here, the party over which the charging order was sought in *Koh* was a judgment debtor who was given the opportunity to defend itself in the action that resulted in the judgment upon which the judgment creditor relied. *Koh*, 54 P.3d at 1271.

[55] *See* Deutsche's Opp'n Br. 13.
[56] *See Ryan v. Gifford*, 935 A.2d 258, 265 (Del. Ch. 2007) ("In ruling on a Rule 12(b)(2) motion, the court may consider the pleadings, affidavits, and any discovery of record.").
[57] *See supra*, Section I.B.

14

requested charging order is the English Judgment resulting from the English Action, an action to which CPR was not a party. CPR is not a judgment debtor of Deutsche, therefore.

Although Deutsche has failed to have this Court exercise jurisdiction over its fraud claims,[58] Deutsche now argues that the language of 6 *Del. C.* § 17-703 gives Deutsche status as a judgment creditor of CPR. Namely, Deutsche asserts that because the English Judgment gave Deutsche status as judgment creditor of Sebastian, Sebastian's subsequent transfer of the Devon Interest to CPR does not prevent Deutsche from enforcing the English Judgment against CPR, Sebastian's alleged assignee, based on the statutory language.[59] A charging order against a partnership requires an "application by a judgment creditor of a partner or of a partner's assignee[.]"[60] That is, the right to obtain a charging order inheres in a judgment creditor of a partner, or a judgment creditor of an assignee of a partner. The purpose is to allow judgment creditors to vindicate judgments against holders of partnership interest, without invading the partnership itself. I find Deutsche's alternative reading—that a judgment creditor of a *partner* may attach the interest of the partner's *assignee*—untenable. A good faith transferee of an interest is surely not subject to a subsequent judgment against the transferor, and the remedy for any

---

[58] *See Deutsche Bank I*, 2021 WL 2711472, at *11.
[59] Deutsche's Opp'n Br. 32.
[60] 6 *Del. C.* § 17-703(a) (emphasis added).

15

*fraudulent* transfer lies in the fraudulent transfer statute.[61]  The plain reading of 6 *Del. C.* § 17-703 requires that the applicant be a judgment creditor of a partner *or* a judgment creditor of a partner's assignee, it does not allow a judgment creditor of a partner to apply for a charging order against the partner's assignee who is not the judgment debtor.  This reading corresponds to the language succeeding sentence that states, "the judgment creditor has *only* the right to receive any distribution or distributions which the *judgment* debtor would otherwise have been entitled in respect of such partnership interest."[62]  Therefore, I find that Deutsche cannot use the English Judgment it obtained against Sebastian as a predicate to assert jurisdiction under 6 *Del. C.* § 17-703 over CPR, even assuming that the Devon Interest is resident in Delaware.[63]

---

[61] *See* Del. Unif. Fraudulent Transfer Act, 6 *Del. C.* § 1301, *et seq.*

[62] 6 *Del. C.* § 17-703(a) (emphases added); *see also General Elec. Cap. Corp. v. JLT Aircraft Hldg. Co., LLC*, 2010 WL 3023316 (D. Minn. July 28, 2010) (explaining that a charging order obtained under the nearly identical language of Delaware's Limited Liability Company Act, 6 *Del. C.* § 18-703, "permits the judgment creditor to receive distributions from the partnership or limited liability company to which the *judgment debtor* is entitled to receive as a partner, limited partner, or member." (emphasis added)).

[63] At oral argument on July 31, 2023, Deutsche also argued that the English Judgment was dispositive of an alter ego theory among Sebastian, Vik, Jr., and CPR.  Again, CPR was not party to that litigation, and Deutsche's argument is not *res judicata*, but instead that the English Judgment should persuade me to take note that these are alter egos.  *See* Oral Arg. Tr. 17:4–22. But I lack personal jurisdiction to cause CPR to litigate the issue.

2. CPR Lacks Minimum Contacts with Delaware Necessary to Comport with Due Process

"All assertions of state-court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny."[64] A court "may exercise jurisdiction over an absent defendant only if the defendant has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[65] To comport with due process, the minimum contacts must be sufficient to place the nonresident defendant on notice such that she can reasonably foresee having to litigate and defend herself in Delaware.[66] While "the fact that the presence of property in a State may bear on the existence of jurisdiction by providing contacts among the forum State, the defendant, and the litigation[,]"[67] "mere ownership of [an interest in a partnership] is not enough, on its own, to justify exercising jurisdiction over"[68] the owner of a limited partnership interest.

I have previously concluded in *Deutsche Bank I* that this Court lacks *in personam* jurisdiction over CPR and to assert such jurisdiction over CPR would offend due process.[69] However, for completeness, I will quickly address the issue

---

[64] *Shaffer v. Heitner*, 433 U.S. 186, 212 (1977).
[65] *Rush v. Savchuck*, 444 U.S. 320, 327 (1980) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)) (quotations and alterations omitted).
[66] *Eagle Forces Hldgs., LLC v. Campbell*, 187 A.3d 1209, 1228 (Del. 2018).
[67] *Shaffer*, 433 U.S. at 207.
[68] *OneScreen, Inc. v. Hudgens*, 2010 WL 1223937, at *1 (Del. Ch. Mar. 30, 2010).
[69] *See Deutsche Bank I*, 2021 WL 2711472, at *6.

again here. CPR is a Panamanian entity that received an interest in an entity conducting business in Pennsylvania via a transfer from an entity based in the Turks and Caicos Islands. The fact that the Devon Interest was that of a Delaware limited partner, by itself, is insufficient to put CPR on notice that it could potentially be required to defend the validity of the transfer in a Delaware court.

In its amended complaint, Deutsche seeks relief in the form of "a Charging Order pursuant to 6 Del. C. § 17-703 against [Sebastian's] limited partnership interest in Devon [LP];" "a Charging Order pursuant to 6 Del. C. § 17-703 against CPR's limited partnership interest in Devon [LP];" and a "declar[ation] that such charging Orders constitute liens on [Sebastian's] and CPR's partnership interests in Devon [LP.]"[70] While Deutsche has reframed its already-dismissed fraudulent transfer claim to appear as though it centers around the Devon Interest itself, my conclusion in *Deutsche Bank I*, in my view, still rings true: "due process dictates that this Court must stand aside."[71]

This conclusion comports with the United States Supreme Court's explanation of when a court may assert *in rem* jurisdiction over a nonresident defendant over whom the court otherwise lacks *in personam* jurisdiction.[72] In *Shaffer*, a nonresident stockholder of a Delaware corporation brought suit in the Court of Chancery against

---

[70] Am. Compl. at 78–79.
[71] *Deutsche Bank I*, 2021 WL 2711472, at *11.
[72] *See Shaffer v. Heitner*, 433 U.S. 186.

18

a corporation, its officers, and its directors for breach of fiduciary duties.[73] As part of the lawsuit, the plaintiff-stockholder sought a sequestration of the corporate stock owned by the nonresident individual defendants.[74] The Court of Chancery determined it could assert *quasi in rem* jurisdiction over the nonresident individual defendants' corporate stock because the corporate stock's situs was statutorily defined as being in Delaware.[75] The United States Supreme Court concluded that while "[t]he presence of property in a State may bear on the existence of jurisdiction by providing contacts among the forum State, the defendant, and the litigation[,]" where such property "serves as the basis for state-court jurisdiction [and] is completely unrelated to the plaintiff's cause of action[,] . . . the presence of the property alone, would not support the State's jurisdiction."[76] Therefore, the nonresident individual defendants' holdings of corporate stock that were neither the subject of, nor related to the claims in, the lawsuit brought in the Court of Chancery were, by themselves, insufficient to provide Delaware state courts jurisdictions over the nonresident individual residents.[77]

Subsequently, the Court of Chancery interpreted *Shaffer*'s holding to mean that ownership of stock in a Delaware corporation, by itself, does not satisfy the

---

[73] *Id.* at 189–90.
[74] *Id.* at 190–92.
[75] *Id.* at 193–94.
[76] *Id.* at 207–08.
[77] *Id.* at 213.

minimum contacts requirement for purposes of due process.[78] The Delaware

Supreme Court explained that *Shaffer* and its progeny apply to "all assertions of state

court jurisdiction[]" and held that, "in and of itself, mere ownership in the forum of

property related to the litigation is not necessarily sufficient" for a state court to

assert *quasi in rem* jurisdiction.[79] In the forty years since *Isituto Bancario*, Delaware

courts have consistently refused to assert *in rem* or *quasi in rem* jurisdiction over

lawsuits related to allegedly fraudulent transfers of interests in Delaware entities.[80]

### 3. CPR is an Indispensable Party That Cannot Feasibly be Joined

A party is deemed to be required if, for instance, "in that person's absence,

the Court cannot accord complete relief among existing parties[.]"[81] Where this

Court cannot exercise jurisdiction over a required party, "the Court must determine

whether, in equity and good conscience, the action should proceed among the

existing parties or should be dismissed."[82] In making this determination, the Court

considers, among other things, "whether a judgment rendered in the [required

---

[78] *See Arden-Mayfair, Inc. v. Louart Corp.*, 385 A.2d 3 (Del. Ch. 1978); *Tuckman v. Aerosonic Corp.*, 394 A.2d 226 (Del. Ch. 1978); *Bolger v. Northern Lumber Co.*, 1978 WL 2492 (Del. Ch. Apr. 13, 1978).

[79] *Istituto Bancario Italiano SpA v. Hunter Eng'g Co., Inc.*, 449 A.2d 210, 221–22 (Del. 1982).

[80] *See, e.g., Germaninvestments AG v. Allotmet Corp.*, 2020 WL 6870459, at *11 (Del. Ch. Nov. 20, 2020) (concerning the transfer of stock); *OneScreen Inc. v. Hudgens*, 2010 WL 1223937, at *3–6 (Del. Ch. Mar. 30, 2010) (same); *Hart Hldg. Co. Inc. v. Drexel Burnham Lambert Inc.*, 1992 WL 127567, at *5–6 (Del. Ch. May 28, 1992) (same).

[81] Ct. Ch. R. 19(a)(1)(A).

[82] Ct. Ch. R. 19(b).

party's] absence would be adequate[.]"[83]  The Court will dismiss the action under Rule 12(b)(7) if the Court lacks personal jurisdiction over an indispensable party, such as a party who is the present owner of the asset underlying plaintiff's request to rescind the transaction that caused the asset to come into the indispensable party's possession.[84]

CPR, according to the Pennsylvania arbitration[85] and as evidenced by its admission as a limited partner of Devon LP,[86] has a cognizable claim to ownership of the Devon Interest against which Deutsche seeks a charging order.  Having concluded that this Court lacks jurisdiction over CPR and determined that CPR should be dismissed from this action, this Court is unable to provide Deutsche the remedy it seeks.  Moreover, this Court is unable to craft a judgment consistent with the pleadings that would adequately remedy the harm Deutsche alleges without CPR's presence.  Thus, to the extent Deutsche seeks a charging order against the Devon Interest *held by CPR*, Deutsche's operative complaint against Sebastian,

---

[83] Ct. Ch. R. 19(b)(3).

[84] *See Sergerson v. Del. Tr. Co.*, 1979 WL 174436 (Del. Ch. Oct. 5, 1979) (dismissing a complaint under Court of Chancery Rule 12(b)(7) after concluding the Court lacked personal jurisdiction over an indispensable party, the current owner of a stock certificate, the transfer of which the plaintiff sought to rescind).

[85] *See* Am. Compl. ¶¶ 119, 121.

[86] *See id.* ¶ 133 (acknowledging that CPR was to be admitted as a limited partner of Devon LP); *see also* Def. CPR Mgmt., S.A.'s Suppl. Opening Br. Supp. Renewed Mot. to Dismiss 24, Dkt. No. 379 ("CPR's Opening Br.").

CPR, Devon LP, and Devon GP is dismissed in its entirety as CPR is an indispensable party over which this Court lacks jurisdiction.

*B. The Interpleader Cross-Claim*

While I have concluded that I must dismiss Deutsche's operative complaint because this Court lacks jurisdiction over CPR, "dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant."[87] As such, I turn my attention next to whether this Court may exercise *in rem* jurisdiction over Devon LP's cross-claim against Sebastian and CPR.

Faced with the competing conclusions of who is the rightful owner of the Devon Interest contained in the English Judgment and the Pennsylvanian arbitration's resolution, Devon LP requests that this Court assert *in rem* jurisdiction over the Devon Interest to adjudicate once and for all to whom Devon LP should distribute the Devon Interest and corresponding proceeds.[88]

For purposes of considering Devon LP's interpleader claim, I assume, without deciding, that the Devon Interest has its situs in Delaware.[89] Even so, I still find that

---

[87] *Samoluk v. Basco, Inc.*, 1979 WL 135703, at *2 (Del. Super. Ct. Nov. 3, 1989) (interpreting the application of Delaware Superior Court Rule 13(g), with similar language to Delaware Court of Chancery Rule 13(g), by relying on federal case law interpreting the federal equivalent).

[88] Interpleader ¶¶ 61–64; *see also* Counterclaim Pl. Devon Park's Suppl. Br. Supp. Finding In Rem and Quasi In Rem Jurisdiction Over Devon Park's Interpleader Claims 1, Dkt. No. 383 ("Devon LP's Opp'n Br.").

[89] There remains an open question, not yet adjudicated in Delaware, what the meaning of "personal property" is for purposes of determining the situs of a limited partnership interest under 6 *Del. C.*

22

it would offend due process to hale CPR, a Panamanian entity, and Sebastian, a Turks and Caicos entity, into a Delaware court to adjudicate what is still, at its heart, a fraudulent transfer claim. The resulting litigation would pit Deutsche (also a party to the interpleader claim) against CPR, arguing theories of fraudulent transfer or veil-piercing. As previously explained in *Deutsche Bank I*, there are no allegations that the purported fraudulent transfer was negotiated in Delaware, nor any allegations that Sebastian and CPR, in causing the transfer, were "purposefully avail[ing] themselves of Delaware's benefits and protections."[90] While Devon LP believes this Court can exercise *in rem* jurisdiction over the Devon Interest merely because the limited partnership was formed in Delaware, due process would not satisfied in these circumstances.

### III. CONCLUSION

For the reasons stated above, I conclude that this Court lacks *in rem* jurisdiction over CPR for purposes of issuing Deutsche's requested charging order against the Devon Interest. However, I have not found that Deutsche lacks jurisdiction to seek a conditional charging order against any interest held by Sebastian in Devon LP. Nor have I considered whether the statute permits such an order, or whether procedural defenses would prevent its assertion here.

---

§ 17-701. While I appreciate the parties' arguments related to this issue, as laid out *supra* in note 53, I decline to tackle that matter of first impression as it is not necessary to my conclusion.
[90] *Deutsche Bank I*, 2021 WL 2711472, at *11.

23

With respect to Devon LP's interpleader claim, this Court concludes that asserting *in rem* jurisdiction over the two foreign entities would offend due process. Therefore, Sebastian and CPR's motions to dismiss the cross-claim under Court of Chancery Rule 12(b)(2) are GRANTED.

The parties should promptly notify the Court if they intend to make additional submissions with respect to Devon LP's motion to dismiss Deutsche's claim. Otherwise, I will consider the matter fully submitted and take the matter under advisement.

Finally, the parties should inform me whether the order restraining distributions should remain in place.

The parties should submit an appropriate form of order.